NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 17a0102n.06

No. 16-5502

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Feb 08, 2017
DEBORAH S. HUNT, Clerk

BARBARA ANN HENRY,                           )
                                             )
        Plaintiff-Appellant,                 )     ON APPEAL FROM THE UNITED
                                             )     STATES DISTRICT COURT FOR
v.                                           )     THE EASTERN DISTRICT OF
                                             )     KENTUCKY
COMMISSIONER OF SOCIAL SECURITY,             )
                                             )
        Defendant-Appellee.                  )


BEFORE: BOGGS, SILER, and DONALD, Circuit Judges.


        PER CURIAM. Barbara Ann Henry appeals the district court's judgment affirming the

denial of her application for disability-insurance benefits.

        In 2006, Henry filed applications for disability-insurance benefits and supplemental-

security-income benefits, alleging that she became disabled on April 19, 2004. After the Social

Security Administration denied the applications, Henry requested a hearing before an

administrative law judge (ALJ). The ALJ denied Henry relief. The Appeals Council declined to

review the case. The district court remanded the case for further administrative proceedings.

        On remand, the ALJ conducted a second hearing. The ALJ determined that Henry was

disabled and eligible for supplemental-security-income benefits as of July 3, 2013, but that she

was not eligible for disability-insurance benefits because she became disabled after

December 31, 2012, her date last insured. The Appeals Council declined to review the case. The district court affirmed the ALJ's decision.

On appeal, Henry argues that the ALJ failed to weigh properly the medical-opinion evidence and that the ALJ erred by failing to analyze her case as a "borderline age case." "Our review of the ALJ's decision is limited to whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009). Substantial evidence exists if a "reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Id.* at 406. We review de novo the district court's conclusions on each issue. *Id.*

Henry first argues that the ALJ erred by failing to give controlling weight to the opinions of treating physicians Dr. David Dome, who concluded that Henry would have limited use of her left leg, and Dr. Debora Tallio, who concluded that, in accordance with a 2008 functional-capacity evaluation, Henry was unable to maintain gainful employment. Henry also argues that the ALJ erred by discounting the opinion of examining physician Dr. Andrew Koerber, who concluded that Henry could perform, at most, a reduced range of sedentary work.

A medical opinion from a treating source must be given controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and not inconsistent with other substantial evidence in the record. *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013). An ALJ must provide "good reasons" for discounting the opinion of a treating source. *Id.* The stated reasons must be supported by the evidence in the record and be sufficiently specific to make clear to subsequent reviewers the weight the ALJ gave to the opinion and the reasons for that weight. *Id.* If a treating-source opinion is not given controlling weight, the ALJ must weigh all of the medical opinions based on all relevant factors,

including the nature of the treatment relationship, the specialization of the medical source, and the consistency and supportability of the opinion. *Id.*

Substantial evidence supports the ALJ's weighing of the medical opinions at issue. Dr. Tallio's statement that Henry is "unable to maintain gainful employment" is not entitled to controlling weight because it addresses an issue that is reserved to the Commissioner. *See* 20 C.F.R. § 404.1527(d)(1). And the ALJ reasonably rejected Dr. Tallio's conclusion that, in accordance with the 2008 functional-capacity evaluation, Henry had severe functional limitations. That conclusion conflicted with several other medical opinions that were much less restrictive, including the opinions of Dr. Richard Sheridan, Dr. David Jackson, and most of Dr. Dome's opinion. It also conflicted with the majority of the other evidence in the record, including the unremarkable clinical findings of Dr. R. Carter Cassidy and Dr. Jeffrey Selby. The ALJ also reasonably rejected Dr. Dome's opinion that Henry had limited use of her left leg because that opinion conflicted with the diagnostic-testing evidence and the clinical findings of several physicians, including Dr. Cassidy. Finally, it was reasonable for the ALJ to discount Dr. Koerber's opinion because the severity of his proposed restrictions was at odds with both the relatively benign findings of his own examination of Henry and the evidence discussed above that was contrary to Dr. Tallio's opinion.

Henry also argues that the ALJ erred by failing to consider whether she should be treated as a "person of advanced age" rather than a "person closely approaching advanced age" for purposes of her application for disability insurance benefits, *see* 20 C.F.R. § 404.1563(d)-(e) (defining a claimant that is age 50 to 54 as a "person closely approaching advanced age" and a claimant that is 55 or older as a "person of advanced age"), because she turned 55 just over six months after the date she was last insured. Henry relies on 20 C.F.R. § 404.1563(b), which states that the Commissioner "will not apply the age categories mechanically in a borderline

situation" and that, if a claimant is "within a few days to a few months of reaching an older age category" and using the older age category would result in a determination of disability, the Commissioner "will consider whether to use the older age category after evaluating the overall impact of all the factors of [the] case."

The ALJ did not err by failing to address explicitly whether to treat Henry as a person of advanced age because § 404.1563(b) "does not impose on ALJs a *per se* procedural requirement to address borderline age categorization in every borderline case." *See Bowie v. Comm'r of Soc. Sec.*, 539 F.3d 395, 399 (6th Cir. 2008). And, given that Henry had done semiskilled work as a truck driver, indicating that she is capable of doing light work, and that she was over six months from advanced age on the date she was last insured, the record does not show that she suffered from the sort of additional vocational adversities that would be significant enough to require the ALJ to engage in a borderline age analysis. *See Caudill v. Comm'r of Soc. Sec.*, 424 F. App'x 510, 516-18 (6th Cir. 2011); *Bowie*, 539 F.3d at 400-01.

Accordingly, we **AFFIRM** the district court's judgment.